RANDALL McCANN v. MAYOR AND COMMON COUNCIL OF NEW BRUNSWICK.

Submitted July 7, 1905—Decided November 13, 1905.

The relator was appointed a police officer of New Brunswick in 1897, and in 1902, under an ordinance which authorized the appointment of a roundsman, who was to be a member of and taken from the regular police force, he was made roundsman. In 1905 the office of roundsman was abolished, and thereafter the relator was not permitted to perform duties either as roundsman or policeman. *Held*—

(1) That under the facts of this case, the ordinance of 1905, abolishing the office of roundsman, was adopted in good faith for what the council deemed the interest of the city, and was valid.

(2) That the relator did not cease to be a policeman by accepting the additional duties and pay of roundsman and could only be removed from his employment of policeman for cause after conviction on charges preferred pursuant to the statute.

On rule to show cause why a *mandamus* should not issue.

Before Justices DIXON and SWAYZE.

For the relator, *George S. Silzer.*

For the defendant, *Theodore B. Booraem.*

The opinion of the court was delivered by

SWAYZE, J. The relator was appointed a police officer of New Brunswick in 1897. In 1902 the common council was authorized to appoint an officer to be known as roundsman of police, and the relator was appointed. In the same year the revised ordinances provided that the police department should consist of a chief, two sergeants, a roundsman and policemen. The duties of roundsman were not specifically defined. In fact the relator acted as an ordinary police officer and in addition to his duties as such checked up the reports of the other officers for which he received additional compensation. On February 6th, 1905, an ordinance was

passed abolishing the office of roundsman of police.  After March 7th, 1905, the relator was not permitted to perform his duties as roundsman or policeman.  He now asks a *mandamus* to compel the municipal authorities to place him on duty as roundsman or policeman, claiming the protection of the tenure of office act of 1885.  *Gen. Stat., p.* 1534, *pl.* 328.

The ordinance abolishing the office of roundsman was within the power of the council.  It seems to have been adopted in good faith for what the council deemed the interest of the city; the place has not been filled, and no other officer has been appointed to do the same work.  The case in this respect is within the rule adopted by the Court of Errors and Appeals in *Newark* v. *Lyon,* 24 *Vroom* 632, and applied in this court in *McManus* v. *Newark,* 20 *Id.* 175; *Boylan* v. *Newark,* 29 *Id.* 133.

The relator is not entitled to be reinstated as roundsman.

His claim to be reinstated as a policeman rests on a different basis.  By accepting the additional duties and pay of a roundsman he did not cease to be a policeman.  The ordinance of May 6th, 1902, which authorized the appointment of roundsman, provided that he should be a member of and taken from the regular police force.  The roundsman was a policeman with additional duties, and from the office or employment of policeman the relator could only be removed for cause, after charges had been preferred and he had been tried and convicted, pursuant to the statute.  He is entitled to be reinstated as a policeman, and a *mandamus* should issue for that purpose.